TRINA A. HIGGINS, United States Attorney (#7349)
TODD C. BOUTON, Assistant United States Attorney (#17800)
SACHIKO J. JEPSON, Special Assistant United States Attorney (#17077)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
todd.bouton@usdoj.gov; sachiko.jepson@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. CARTER LANE LUCAS, Defendant. | Case No. 2:23-cr-00405 DBB UNITED STATES' MOTION IN LIMINE NO. 3: TO PRECLUDE DEFENDANT FROM RAISING REPAYMENT OF PPP-LOAN AND EIDL-LOAN FUNDS Judge David Barlow |

Pursuant to Fed. R. Evid. 401-403, the United States files this Motion in Limine No. 3 to preclude Mr. Lucas and his counsel from raising or referencing any evidence or argument regarding Mr. Lucas's repayment of portions of the Paycheck Protection Program Loan ("PPP Loan") and/or Economic Injury Disaster Loan ("EIDL Loan") proceeds he fraudulently obtained.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE NO. 3

### 1. EVIDENCE REGARDING REPAYMENT SHOULD BE EXCLUDED BECAUSE REPAYMENT IS NOT A DEFENSE TO WIRE FRAUD

A defendant should be precluded from raising improper legal defenses, to avoid confusing or prejudicing the jury or inviting jury nullification. Fed. R. Evid. 402, 403. In this case, the jury will be asked to decide whether Mr. Lucas committed wire fraud *when he obtained* PPP- and EIDL-Loan funds by representing in his responses to two separate criminal history questions that he did not have a disqualifying criminal history.[1] Neither repayment nor intent to repay are defenses to wire fraud. Nevertheless, defense counsel for Mr. Lucas have suggested that they intend to present testimony at trial regarding Mr. Lucas's repayment of loan funds. (ECF No. 49, at 3).[2] Such evidence would cause confusion and should be precluded as irrelevant.

In *United States v. Van Elsen*, the Eighth Circuit considered whether a defendant's conviction should be reversed because he was barred from presenting evidence to the jury that he eventually repaid the funds he embezzled. 652 F.3d 955, 955 (8th Cir. 2011). The court affirmed the conviction, finding that "because the intent *to permanently deprive* is neither a required element of, nor a defense to [embezzlement], the district court did not abuse its discretion when it excluded evidence of [the defendant's] eventual repayment . . . as irrelevant." *Id.* at 962 (internal quotation marks and brackets omitted; emphasis added). The same logic applies here. Intent to permanently deprive is not an element of wire fraud, and repayment evidence is irrelevant.

---

[1] For wire fraud, the United States must prove that the defendant (1) devised or intended to devise a scheme to defraud, (2) acted with specific intent to defraud, (3) used or caused the use of interstate or foreign wire communications facilities, and (4) that the scheme employed false or fraudulent pretenses, representations, or promises that were material. 10th Cir. Crim. Pattern Jury Instr'n No. 2.57.

[2] In Mr. Lucas's Notice of Intent to Use Expert Testimony, defense counsel do not list repayment of funds among the anticipated categories of testimony. However, their retained expert witness, Josh Mortensen, indicates he will testify that, "[a]t least as of October 28, 2024, Mr. Lucas was current in repayment of his EIDL Loan." (ECF No. 49 at 3).

Other circuits have followed similar reasoning to find that repayment or intent to repay are not a defense in the face of wrongfully taken money or property. *See e.g.*, *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020) ("Intent to repay . . . is not a defense to wire fraud."); *United States v. Ross*, 206 F.3d 896, 899 (9th Cir. 2000) ("[T]he district court properly granted the government's motion *in limine* to preclude evidence of the legally unviable defense [of intent to repay misappropriated funds].");[3] *United States v. Radziszewski*, 474 F.3d 480, 485-86 (7th Cir. 2007) (it was not a valid defense that defendant intended to repay bank that was victim of wire fraud and mail fraud); *United States v. White*, 846 F.3d 170, 178 (6th Cir. 2017) ("A defendant's intention to repay the victims of fraud is no defense") (quoting *United States v. Carter*, 483 F. App'x 70, 75 (6th Cir. 2012) (unpublished)); *United States v. Young,* 955 F.2d 99, 104 (1st Cir. 1992) (intent to return money or property was not a defense to embezzlement). Mr. Lucas should not be allowed to present evidence regarding the legally unavailable defense of repayment.

## 2. EVIDENCE REGARDING REPAYMENT SHOULD BE EXCLUDED BECAUSE IT IS IRRELEVANT TO MR. LUCAS'S INTENT TO COMMIT WIRE FRAUD

Mr. Lucas may argue that his partial repayment of the EIDL-Loan funds he obtained suggests that he never intended to commit a fraudulent act. This is unconvincing for at least two reasons: (1) These were loans, and Mr. Lucas had an obligation to repay them. To the extent that he did repay a small portion of these funds, he had incentives to do so—just like any other loan recipient—to avoid civil liability or a negative impact to his credit score; (2) Even if the funds that he fraudulently obtained had not been in the form of loans, his return of stolen (rather than borrowed) money still would say nothing about his intent to first wrongfully take the money.

---

[3] The Ninth Circuit criminal pattern jury instructions for embezzlement state, "The fact that the defendant may have intended to repay the funds at the time they were taken is not a defense." (9th Cir. Model Crim. Jury Instr'n No. 23.3).

3

This second point is illustrated by a Seventh Circuit case. In *United States v. Radziszewski*, the defendant appealed his conviction for wire fraud and mail fraud in part because he was precluded from presenting argument about repayment. The court held, "[i]t is well settled that a defendant's ultimate intention to pay off a debt obtained fraudulently is irrelevant to the *intent to obtain* the money through deceptive means." 474 F.3d 480, 485 (7th Cir. 2007) (emphasis added). *See also United States v. Fields*, 327 F. App'x 133, 135 (11th Cir. 2009) (unpublished) ("Because repayment was not relevant to [the defendant's] intent to deprive the government of its funds . . . the district court did not abuse its discretion in disallowing evidence of repayment."). Because evidence of repayment does not help a jury determine whether Mr. Lucas had the requisite criminal intent to commit wire fraud, it should be precluded.

3. **IF REPAYMENT HAS ANY RELEVANCE, IT WOULD BE AT SENTENCING**

The Sentencing Guidelines sometimes provide for reductions in the loss amount calculation if a defendant returns wrongfully taken funds before the "time of detection." U.S.S.G. § 2B1.1 App. Note (3)(E)(i). But even if Mr. Lucas believes his repayment qualifies for such a credit against loss, sentencing would be the appropriate time to present such arguments, and not at trial.

4. **CONCLUSION**

Repayment of loan funds has no probative value for a jury deciding if Mr. Lucas committed wire fraud when he applied for the loan funds. Therefore, the Court should preclude such evidence.

TRINA A. HIGGINS
United States Attorney


/s/ *Sachiko J. Jepson*_____
SACHIKO J. JEPSON
Special Assistant United States Attorney