TRINA A. HIGGINS, United States Attorney (#7349)
TODD C. BOUTON, Assistant United States Attorney (#17800)
SACHIKO J. JEPSON, Special Assistant United States Attorney (#17077)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: todd.bouton@usdoj.gov, sachiko.jepson@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARTER LANE LUCAS,<br><br>Defendant. | Case No. 2:23-cr-00405-DBB<br><br>MOTION FOR LEAVE TO DISMISS INDICTMENT<br><br>District Judge David Barlow |

The United States of America, through the undersigned Assistant United States Attorney, and pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, hereby moves for leave to file a dismissal of the Indictment with prejudice in the above-captioned case. This motion is made in the interests of justice based on the facts that the United States learned, for the first time, today while preparing witnesses for trial, (1) that, despite defendant's misrepresentation in his Economic Injury Disaster Loan ("EIDL Loan") application that he had never been convicted of a crime other than a minor vehicle violation,

the Small Business Administration ("SBA") could not definitively say that if the SBA had known that defendant had been convicted of such a crime, the SBA would have denied his EIDL Loan application after a review process that could have been requested; and (2) an SBA witness believed that, despite defendant's particular criminal history, the SBA would have been unlikely to deny his loan application.

This information is inconsistent with the information that was previously provided to the United States by the SBA as reflected in some of the United States' previous court filings. Materiality is an element of the charged crimes. Based on the SBA's admission that it would have been unlikely that the defendant would have been denied the loan despite his criminal history, his misrepresentation about his criminal history was not demonstrably material to the loan decision. Because of these recently discovered facts, the United States no longer has a good faith belief that it could prove beyond a reasonable doubt that defendant's misrepresentations about his lack of criminal history were material to the SBA in its decision to approve the loan.

SIGNED this 20th day of November, 2024.

TRINA A. HIGGINS
United States Attorney

TODD C. BOUTON
Assistant United States Attorney